The majority focuses on the timing of Binion's delayed appeal, which was almost two years late. The majority states that the two-year delay indicates Binion was not diligent in taking the steps to protect his rights. I disagree. Binion was in prison. Binion claims he had no knowledge of the Rules of Appellate Procedure, and essentially that he was unaware that he had a right to appeal his sentence. If Binion did not initially know he had the right to appeal, he would have had limited ways of discovering that right while he was in prison.
When any party files a motion for leave to file a delayed appeal, they are, by definition, late. If a party is only one day late, they still must file the same document that Binion filed here. How late a party files is inconsequential. The relevant inquiry is whether the party was adequately advised of their right to appeal.
"After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." Crim.R. 32(B)(2). The court must then also advise the defendant of the following, pursuant to Crim.R. 32(B)(3):
 "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
 "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
 "(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost; and
 "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf."
 Binion did not provide this court with a transcript of the sentencing hearing. Therefore, there is no way to determine whether the sentencing court properly advised Binion of his rights regarding the appeal of his sentence. Had Binion provided this court with a transcript showing he was not advised of his rights to appeal, I would grant his motion. This same situation was recently before the Ninth Appellate District, which granted a party leave to file a delayed appeal, when the party provided the court with a transcript of the sentencing hearing showing that he had not been advised of his rights to appeal pursuant to Crim.R. (B)(2). State v. Norris (Nov. 14, 2001), Summit App. No. 20515, unreported, 2001 Ohio App. LEXIS 5070, at *3. In Norris, nearly eighteen months passed between the sentencing date and the time Norris filed his motion for delayed appeal. Id. at *1-3.
Binion did file a motion for preparation of the transcript of the sentencing hearing. However, this transcript was never created, because Binion had not yet been granted leave to file a delayed appeal. This placed Binion in a "Catch 22" scenario. He cannot get the transcript unless his motion for delayed appeal is granted, and he can not prove he is entitled to a delayed appeal without the transcript.
I would not grant Binion's motion for delayed appeal at this time. Without a transcript, there is nothing to prove that Binion was or was not advised of his rights regarding appeal. I would, however, grant Binion's motion for production of the transcript of the sentencing hearing. Then, if the transcript does not indicate that the court specifically advised Binion of his rights regarding appeal, Binion could submit the transcript to this court along with his renewed motion for leave to file a delayed appeal.